IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| H-D U.S.A., LLC, | Case No. 17-cv-04341 |
| Plaintiff, | **Judge Thomas M. Durkin** |
| v. | **Magistrate Judge Young B. Kim** |
| ZHIYASM2016, et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff H-D U.S.A., LLC ("Harley-Davidson" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

# MEMORANDUM OF LAW

## I. INTRODUCTION

Plaintiff H-D U.S.A., LLC ("Harley-Davidson" or "Plaintiff") brings the present action against the defendants identified on Schedule A to the Amended Complaint (collectively, the "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III). As alleged in Harley-Davidson's Amended Complaint [10], the Defendants are promoting, advertising, distributing, offering for sale, and selling unauthorized and unlicensed counterfeit products using counterfeits of Harley-Davidson's federally registered HARLEY-DAVIDSON Trademarks (collectively, the "Counterfeit Harley-Davidson Products"), through various fully interactive, commercial Internet stores operating under at least the Online Marketplace Accounts listed in Schedule A to the Amended Complaint (collectively, the "Defendant Internet Stores").

## II. STATEMENT OF FACTS

On June 15, 2017, this Court granted Harley-Davidson's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [25]. The TRO authorized Harley-Davidson to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Amended Complaint, the TRO and other relevant documents on a website and sending an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Linda Heban and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [25] at ¶ 6. Since and pursuant to entry of the TRO, dozens of PayPal accounts associated with the Defendant Internet Stores have been frozen. *See* Declaration of Justin R. Gaudio (hereinafter, "Gaudio Declaration") at ¶ 2.

Harley-Davidson respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation,

distribution, offering for sale, and sale of Counterfeit Harley-Davidson Products during the pendency of this litigation. As part of the Preliminary Injunction, Harley-Davidson requests that Defendants' PayPal accounts remain frozen until completion of these proceedings.

### III. ARGUMENT

#### a) A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate

Harley-Davidson respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a temporary restraining order. *See, e.g., Deckers Outdoor Corporation v. The Partnerships, et al.*, No. 15-cv-3249 (N.D. Ill. May 6, 2015) (unpublished).

##### i) This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

### ii) The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

#### (1) The Asset Restraining Order Remains Appropriate

Harley-Davidson requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO, PayPal, Inc. ("PayPal") has provided Plaintiff with information, including the identification of dozens of PayPal accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Counterfeit Harley-Davidson Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions, including PayPal accounts, to an offshore account. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

The amount of damages to which Harley-Davidson is entitled as set forth in the Amended Complaint far exceeds any amount contained in any of the Defendants' frozen PayPal accounts. For example, Harley-Davidson's prayer for relief requests statutory damages of $2 million from each Defendant. [10]. In addition, and as established in Harley-Davidson's TRO Memorandum [12], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV. CONCLUSION

In view of the foregoing, Harley-Davidson respectfully requests that this Court enter the preliminary injunction.

Dated this 26th day of June 2017.   Respectfully submitted,

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Attorneys for Plaintiff H-D U.S.A., LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and send an e-mail to the e-mail addresses identified in Exhibit 3 to the Declaration of Linda Heban and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ Justin R. Gaudio
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Attorneys for Plaintiff H-D U.S.A., LLC*